UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

PETCO ANIMAL SUPPLIES STORES, INC.
dba Petco #1794, and
KIMCO SOUTH MIAMI 634, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Petco Animal Supplies Stores, Inc. d/b/a Petco #1794 and Defendant Kimco South Miami 634, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant Petco Animal Supplies Stores, Inc. (also referenced as "Defendant Petco Supplies," "operator," lessee" or "co-Defendant") is a foreign for-profit corporation authorized to transact business in Florida.  On information and belief, Petco Animal Supplies Stores, Inc. is a subsidiary of Petco Health and Wellness Company, Inc. which is an American retailer specializing in retail sales of pets and pet products.  Petco stores are among the leading pet supply retailers in North America; its direct competitor is PetSmart. Petco Health and Wellness Company, Inc. has corporate offices in California and Texas and is a public company on the NASDAQ exchange and is a part of the Russell 1000 component.  In 2019 the parent company reported revenue of $1 Billion USD and as of this year, has reported over 27,000 employees working at over 1,500 locations.

6.     Defendant Kimco South Miami 634, Inc. (also referenced as "Defendant Kimco," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation and the owner of real property located at 6200 South Dixie Highway, Miami, Florida 33143, which is also referenced as Folio 09-4036-035-0010. Defendant Kimco's real property is built out as a strip mall shopping center. Defendant Kimco leases its mixed-use strip mall (in part) to public accommodations including (but not limited to) a Cookies by Design bake shop,

Kyojin Japanese buffet, and a barbershop. Defendant Kimco also leases a portion of its commercial real property to co-Defendant Petco Supplies who in turn operates its "Petco" brand retail store (which is the subject of this instant action) at that location.

## FACTS

7. Petco retail stores sell pet products and services as well as small animals. All Petco stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Petco store located at 6200 S Dixie Highway which is the subject of this complaint is also referenced as "Petco (retail) store," "Petco #1794 (store)," "Petco on S Dixie Highway," "(retail) store," or "place of public accommodation."

8. As the operator of retail stores which are open to the public, Defendant Petco Supplies is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity of Plaintiff's home to the Petco #1794 store, on August 5, 2021 Plaintiff went to the store to shop.

10. On entering the Petco store, Plaintiff had difficulty parking and perambulating to the store entrance due to the change in level of the designated accessible parking space and the excessive slope of the parking area. Further, while Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is uses a wheelchair for mobility.

11. Due to the inaccessible restroom facilities and non-complaint parking area, Plaintiff has been denied full and equal access by the operator/ of the Petco store (Defendant

Petco Supplies) and by the owner of the commercial property which houses the Petco store (Defendant Kimco).

12. Defendant Petco Supplies and/or its parent company operates 1,500 stores so is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, Defendant Petco Supplies' failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Petco #1794 store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of a strip mall which is operated as various places of public accommodation, Defendant Kimco is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As an investor and owner of commercial property being used as a public accommodation, Defendant Kimco is aware of the ADA and the need to provide for equal access in all areas of its strip mall which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Petco #1794 store, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Petco #1794 store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers on entry and when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Petco Supplies (operator of Petco #1794) and Defendant Kimco (owner of the real property leased to co-Defendant for use as a Petco store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal

access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Petco store, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Petco #1794 store.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Kimco and which houses the Petco #1794 store that is operated by Defendant Petco Supplies is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq*. As such, both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting

6

    his vehicle, as the designated accessible parking space had a non-compliant change in level due to a utility manhole. This is a violation of Section 4.6.3 of the ADAAG and §502.4 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), Plaintiff had additional difficulty exiting his vehicle because the designated accessible parking spaces are located on an excessive slope violating Section 4.6.3 of the ADAAG and §502.4 of the 2010 ADA Standards for Accessible Design. The slope of the parking lot is further in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. This additional difficulty meant that Plaintiff could not perambulate with ease to the entrance of the supermarket due to the failure to provide accessible means of egress from the parking spaces to the supermarket.

iii. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), the men's accessible restroom sign is mounted on the hinge side of the door, violating Section 4.1.3(16) and 4.30 of the ADAAG and §§ 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as it does not have the required maneuvering clearance on the pull side of the door for entry due to the encroaching trash can, which encroaches over the accessible water closet clear floor space. This is a violation of 4.13.6 of the ADAAG which delineates maneuvering clearances at doors (clearance to the wall plane next to the door, latch-side clearance on the push side to operate the latch and maneuver through the door against the force of a closer, and forward and side approach clearances), see figures at 4.13.6. This is also a violation of §404.2.4 (swinging doors maneuvering clearance) and §604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water

   closet clear floor space is a violation of 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and §604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Petco Supplies (lessee/operator) and Defendant Kimco (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and §604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig. 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Petco retail store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Kimco South Miami 634, Inc. (owner of the commercial property housing the Petco #1794 store) and Defendant Petco Animal Supplies Stores, Inc. (operator of the Petco #1794) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the Petco #1794 store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of September 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*